

FILED
1/12/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | Violation: Title 18, United States Code, Section 641 |
| MOHAMMED MOUSSA | **INFORMATION** |

1:26-cr-00012
Judge Sharon Johnson Coleman
Magistrate Judge Daniel P. McLaughlin
RANDOM/Cr Cat 3

The UNITED STATES ATTORNEY charges:

1.      At times material to this information:

a.      Defendant MOHAMMED MOUSSA was a resident of the Northern District of Illinois and was the Chief Financial Officer of Company A, located in Joliet, Illinois.

b.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

### *Pandemic Unemployment Assistance*

c.      In 1935, the federal Social Security Act established the dual program of federal and state unemployment benefits. Under the Act, each state administers its own unemployment program through their State Workforce Agency, within the guidelines of federal law. The state unemployment benefits are financed in part by state payroll taxes, which are held in trust by the United States Treasury's Federal Unemployment Trust Fund. During periods of high unemployment, the federal government has also funded or augmented state unemployment benefits.

d.      The CARES Act also expanded individual states' ability to provide assistance to workers impacted by COVID-19, including for workers who were not ordinarily eligible for unemployment insurance benefits. One of the temporary programs established by the CARES Act is Pandemic Unemployment Assistance ("PUA").

e.      PUA provided for benefits to individuals who were: (1) self-employed, seeking part-time employment, or otherwise would not qualify for regular unemployment insurance or extended benefits under state or federal law or Pandemic Emergency Unemployment Compensation; and (2) unemployed, partially unemployed, unable to work, or unavailable to work due to specific COVID-19 related reason(s).

f.      Under the PUA provisions of the CARES Act, business owners, self-employed workers, independent contractors, and gig workers qualified for PUA benefits administered by the State Workforce Agency if they previously performed such work and were unemployed, partially unemployed, unable to work or unavailable to work due to a COVID-19 related reason.

g.      PUA claimants were required to answer specific questions related to their eligibility, and to provide their name, Social Security Number, and mailing address. Claimants were also required to self-certify that they met one of the COVID-19 related reasons for being unemployed, partially unemployed, or unable or unavailable to work.

2

h.      The Illinois Department of Employment Security ("IDES") was the designated State Workforce Agency of the State of Illinois.

i.      Defendant MOHAMMAD MOUSSA was employed by Company A while collecting PUA benefits from IDES, including from on or about May 9, 2020, through on or about August 26, 2020. During that time period, MOUSSA knowingly made false representations of fact relating to his employment status when certifying that he met one of the COVID-19 related reasons for being unemployed, partially unemployed, or unable or unavailable to work, in order to maintain eligibility for PUA benefits by fraudulent means.

j.      Defendant MOHAMMAD MOUSSA fraudulently obtained and converted to his own use approximately $8,772 in PUA benefits, which payments defendant knew he was not entitled to receive. In excess of $1,000 of these PUA funds were provided by the federal government.

2.      Between on or about May 9, 2020, and on or about August 26, 2020, at Joliet, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMED MOUSSA,

defendant herein, did steal, purloin, and knowingly convert to his own use money of the United States, namely, in excess of $1,000 of federal funds administered by IDES in the form of PUA benefits, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

MICHELLE PETERSEN
Digitally signed by MICHELLE PETERSEN
Date: 2025.11.03 14:18:05 -06'00'      for ASB

UNITED STATES ATTORNEY